IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

FEB 2 6 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| INLAND STEEL COMPANY, | ) | |
| | ) | Civil Action No.: 91-C-4451 |
| Plaintiff, | ) | |
| | ) | Judge George W. Lindberg |
| v. | ) | |
| | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| LTV STEEL COMPANY, INC., and | ) | |
| USX CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED

MAR - 4 2004

To:    Jonathan S. Quinn, Esq.
       Sachnoff & Weaver
       30 South Wacker Drive
       29th Floor
       Chicago IL 60606-7484
       Attorney for Inland Steel Company
       (now known as Ispat Inland Inc.)

## NOTICE OF MOTION

Please take notice that at 10:00 am, on March 3, 2004, or whenever thereafter

counsel can be heard, counsel for defendant USX Corporation (now known as U.S. Steel

Corporation) shall appear before the Honorable George W. Lindberg at 219 South Dearborn

Street, Chicago, Illinois 60604, in Courtroom 1441, to present Defendant USX Corporation's

Motion for Entry of a Final Judgment.

333

Dated:  February 26, 2004

Respectfully submitted,

USX CORPORATION

By:  _Hugh Abrams_____

Hugh A. Abrams
SIDLEY AUSTIN BROWN & WOOD
10 South Dearborn Street
Chicago, Illinois  60603
(312)  853-7000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that, on this 26th day of February, 2004, a copy of the foregoing NOTICE OF MOTION was served upon plaintiff, Inland Steel Company (now known as Ispat Inland Inc.), in the manner indicated:

By Messenger

Jonathan S. Quinn, Esq.
Sachnoff & Weaver
30 South Wacker Drive
29th Floor
Chicago IL 60606-7484
Attorney for Inland Steel Company
(now known as Ispat Inland Inc.)

One of the Attorneys for Defendant
USX Corporation

CHI 2893295v1

FILED

FEB 2 6 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INLAND STEEL COMPANY,                    )
                                         )    Civil Action No.: 91-C-4451
            Plaintiff,                   )
                                         )    Judge George W. Lindberg
      v.                                 )
                                         )    Magistrate Judge Michael T. Mason
                                         )
LTV STEEL COMPANY, INC., and             )
USX CORPORATION,                         )
                                         )
            Defendants.                  )          DOCKETED
_____      )
                                                MAR - 4 2004

## DEFENDANT USX CORPORATION'S MOTION FOR ENTRY OF A FINAL JUDGMENT

Defendant USX Corporation ("USX"), now known as United States Steel

Corporation, through its attorneys, hereby moves the Court for entry of a final judgment under

Federal Rule of Civil Procedure 41(b). In support of its motion, USX states:

1.      This patent infringement suit was dismissed with leave to reinstate in

1995, pending reexamination of Plaintiff Inland Steel Company's ("Inland") patents-in-suit by

the Patent and Trademark Office ("PTO"). After the PTO's determination that Inland's patents

were invalid was affirmed by the Federal Circuit, this Court reopened the proceedings, and

denied USX's motions for costs and attorney fees.

2.      USX appealed from the denial of its requests for costs and attorney fees to

the Federal Circuit, which dismissed the appeal for lack of a final judgment in this Court. The

Federal Circuit, however, gave leave for reinstatement of USX's appeal upon an appeal of a final

judgment in this Court before March 22, 2004.

333

3.      Therefore, USX moves this Court for a final judgment, indicating that this Court reopened the proceedings for both the Complaint and Counterclaims in this case, and that all claims have been disposed of, including the dismissal of the Complaint with prejudice.

4.      Alternatively, if this Court determines that only the Counterclaims have been reopened, USX moves this Court to (1) reopen Inland's initial Complaint as well; (2) enter a final judgment as to all proceedings, including the dismissal of the Complaint with prejudice; and, (3) award USX its costs and attorney fees as the prevailing party. USX notes that the Court has previously denied its motions for costs and attorney fees, and USX only renews those motions in the context of a determination by the Court that the Complaint was not previously reopened.

WHEREFORE, for these reasons as well as those contained in the accompanying memorandum of law, USX respectfully requests the Court grant its motion for entry of a final judgment.

Dated: February 26, 2004

Respectfully submitted,

By:     _____
        Hugh A. Abrams
        SIDLEY AUSTIN BROWN & WOOD LLP
        10 South Dearborn Street
        Chicago, Illinois 60603
        (312) 853-7000

        Attorney for Defendant
        USX Corporation

2

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that, on this 26th day of February, 2004, a copy of the foregoing DEFENDANT USX CORPORATION'S MOTION FOR ENTRY OF A FINAL JUDGMENT was served upon the counsel for plaintiff, Inland Steel Company (now known as Ispat Inland Inc.), in the manner indicated:

By Messenger

Jonathan S. Quinn, Esq.
Sachnoff & Weaver
30 South Wacker Drive
29th Floor
Chicago IL 60606-7484
Attorney for Inland Steel Company
(now known as Ispat Inland Inc.)

_____
One of the Attorneys for Defendant

FILED

FEB 2 6 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INLAND STEEL COMPANY,                    )
                                         )      Civil Action No.: 91-C-4451
                    Plaintiff,           )
                                         )      Judge George W. Lindberg
        v.                               )
                                         )      Magistrate Judge Michael T. Mason
                                         )
LTV STEEL COMPANY, INC., and             )
USX CORPORATION,                         )
                                         )
                    Defendants.          )
                                         )

MAR - 4 2004

**MEMORANDUM IN SUPPORT OF DEFENDANT USX CORPORATION'S MOTION
FOR ENTRY OF A FINAL JUDGMENT**

Defendant USX Corporation ("USX"), now known as United States Steel

Corporation, through its attorneys, brings this motion for entry of a final judgment under Rule

41(b), Fed.R.Civ.P. USX's motion is prompted by the Order dated February 19, 2004, from the

United States Court of Appeals for the Federal Circuit (attached hereto at Tab A).

As noted in the Federal Circuit's Order, the present case was dismissed in 1995

with "leave to reinstate." After the Patent and Trademark Office held the patents in suit invalid,

USX Corporation filed a motion to: (1) reopen proceedings in Civil Action No. 91-C-4451,

which was previously dismissed without prejudice with leave to reinstate, and (2) seek entry of

judgment on its counterclaim for patent invalidity and an award of costs as the prevailing party

(copy attached hereto at Tab B). USX filed a separate motion seeking an award of attorney fees

under 35 U.S.C. § 285 (copy attached hereto at Tab C).

In an Order dated March 25, 2003 (copy attached hereto at Tab D), the district

court granted USX's motion to reopen proceedings, but it denied USX's motion for entry of

1

judgment on its counterclaim of patent invalidity as moot and it denied USX's motions for an award of costs and attorney fees on the ground that "USX is not a prevailing party for purposes of costs and attorney fees in this action in this court." Two months later, on May 28, 2003, after a final status conference with the parties, the Court entered an Order on a standard form entitled "Judgment in a Civil Case" (copy attached hereto at Tab E). USX took appeal from that order.

The Federal Circuit has now sent the case back to this Court with the following Order (at page 4 of the Order dated February 19, 2004, at Tab A):

> 1.      This appeal is dismissed for lack of jurisdiction, subject, however, to reinstatement under the same docket number without the payment of an additional filing fee if, within 30 days of the date of this order, a party appeals from the entry of an order of the district court that constitutes a final judgment in this case. The final judgment incorporating an order of dismissal should indicate whether the dismissal covers the original claims as well as the counterclaims or whether the original claims were never reinstated so that the order of dismissal covers only the reinstated counterclaims.
>
> 2.      If the appeal is reinstated, it will be decided by the present panel based on the briefs already filed and the oral argument heard on February 2, 2004, unless the panel determines that it needs additional briefing from the parties.

As noted in the Federal Circuit Order (at page 2), the Seventh Circuit ordinarily treats a dismissal "with leave to reinstate" like a stay. *See Jays Foods, LLC v. Chem. & Allied Prod. Workers Union*, 208 F.3d 610, 613 (7th Cir. 2000) (the Seventh Circuit treats a dismissal with leave to reinstate as the equivalent of a stay); *Baltimore & Ohio Chicago Terminal R.R. Co. v. Wisconsin Cent. Ltd.*, 154 F.3d 404, 408 (7th Cir. 1998) (dismissal with leave to reinstate is treated as a stay); *United States v. Briley*, No. 00 C 1707, 2002 WL 959794, at *2 (N.D. Ill. May 9, 2002) (Lindberg, J.) (same); *Norwest Mortgage, Inc. v. Mackey*, No. 95 C 6256, 1997 WL 305313, at *2 (May 30, 1997) (same); *Pakis v. City of Chicago*, No. 91 C 4921, 1992 WL 159310, at *8 n.9 (N.D. Ill. July 1, 1992) (same); *see also Tice v. Am. Airlines, Inc.*, 288 F.3d

2

313, 318 (7th Cir. 2002) ("As we have emphasized in a variety of contexts, district courts should retain jurisdiction over a suit that must be interrupted for reference of an issue to another forum rather than dismiss it if, should it be dismissed, there might later be grounds for reinstating it."). Consistent with this Seventh Circuit authority, USX requests that this Court treat the prior dismissal "with leave to reinstate" as a stay of the proceedings.

Accordingly, USX requests that this Court now enter an order indicating to the Federal Circuit that the Order dated March 26, 2003 granting reopening of proceedings resulted in the termination of the previously-entered stay and the reinstatement of *all* proceedings in the earlier case. USX seeks entry of an order indicating the entry of final judgment disposing of all claims and counterclaims in this case, including a dismissal *with prejudice* of Inland's original Complaint in the case.

In the event the Court determines that the earlier Order dated March 26, 2003, which granted reopening of proceedings, only resulted in reinstatement of the Counterclaims, USX requests that the Court now address the status of Inland's original Complaint, which was subject to the stay and therefore never subject to a final dismissal with prejudice. In such a case, USX requests that the Court now also reinstate the proceedings with regard to Inland's original Complaint, and requests its costs and attorney fees pursuant to Federal Rule of Civil Procedure 54(d) and 35 U.S.C. § 285, for the reasons stated in USX earlier motions (attached as Tabs B and C). USX notes that the Court has previously denied USX's motions for costs and attorney fees, and therefore does not reargue those motions here.[1] Accordingly, in such a case, USX requests that the Court now enter an order indicating to the Federal Circuit that the previously-entered stay has been terminated and *all* claims and counterclaims, including the original Complaint, are

---

[1] If the Court wishes to reconsider these issues with additional briefing, USX will submit

now dismissed with prejudice, and a final judgment has been entered that disposes of all claims
and counterclaims in the case.

Dated: February 26, 2004        Respectfully submitted,

By:     _Hugh Abrams_

Hugh A. Abrams
SIDLEY AUSTIN BROWN & WOOD LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Attorney for Defendant
USX Corporation

---

memoranda regarding these issues.

4

# SEE CASE FILE FOR EXHIBITS